PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ABDULKADIR M. AFRAH, | ) | |
| | ) | CASE NO. 4:12CV0214 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| ROBERT MUELLER, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 12] |

Pending is Defendants' Motion to Dismiss (ECF No. 12). Defendants move the Court for dismissal of Plaintiff's claims for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) or, in the alternative, for remand back to the agency for adjudication. The Court has been advised, having reviewed the record, the parties' briefs and the applicable law. For the reasons that follow, the Court will remand the matter to the United States Citizenship and Immigration Services ("USCIS") and provide instructions that the agency shall have no more than sixty (60) days from the date of judgment to issue a thorough, well-reasoned new decision on Plaintiff's naturalization application.

**I.**

Plaintiff Abdulkadir M. Afrah, who is currently incarcerated at FCI Allenwood Medium

(4:12CV0214)

in White Deer, Pennsylvania,[1] brings this action against Robert Mueller, Director of the Federal Bureau of Investigation and Janet Napolitano, Secretary of the Department of Homeland Security. He requests that the Court assume jurisdiction and grant his Application for Naturalization in accordance with 8 U.S.C. § 1447(b).

Plaintiff is a native of Somalia and citizen of Canada, who has been a lawful permanent resident of the United States since 1997. Complaint (ECF No. 1) at 1. On September 9, 2003, he filed an Application for Naturalization (Form N-400). ECF No. 1 at 1-2. In 2004, Plaintiff went through an examination and took the oral and written test for citizenship at a USCIS office in Minneapolis, Minnesota. ECF No. 1 at 2.

A month after the Complaint (ECF No. 1) was filed (but, before the Complaint was served on the USCIS and the United States Attorney's Office), the USCIS St. Paul, Minnesota Field Office made a decision which denied Plaintiff's Application for Naturalization. *See* Declaration of Sharon V. Dooley (ECF No. 12-2) at ¶ 3 and Notice of Decision (ECF No. 12-3). The USCIS sent notice of the N-400 denial to Plaintiff's address of record and to the attorney of record who had represented Plaintiff before the agency. ECF No. 12-2 at ¶ 4. Plaintiff did not file a Form N-336, seeking an administrative appeal of the adverse naturalization decision, because he did not receive the Notice of Decision (ECF No. 12-3) due to his having failed to provide the USCIS with his current address. *See* 8 U.S.C. § 1305; 8 C.F.R. § 265.1 (requiring

---

[1] Plaintiff was incarcerated at the Northeast Ohio Correctional Center in Youngstown, Ohio when the Complaint (ECF No. 1) was filed. According to the Bureau of Prisons ("BOP") website (http://www.bop.gov), he is due to be released from federal prison on April 11, 2013.

(4:12CV0214)

aliens to notify the USCIS of address changes within 10 days); *Ranjha v. Dep't of Homeland Security*, No. 1:11CV131, 2011 WL 2311866, *6 n. 6 (E.D. Va. June 7, 2011) (noting that alien, even though incarcerated, is required to notify the USCIS of address change).

Defendants argue because the USCIS has now made a determination on Plaintiff's application, the case before the Court is moot, and the Court lacks subject-matter jurisdiction. Plaintiff maintains § 1447(b) gives the Court exclusive jurisdiction to either determine the matter or remand the matter, with appropriate instructions, and a decision by the USCIS has no bearing on this authority. The Court agrees with Plaintiff. *See Bustamante v. Napolitano*, 582 F.3d 403, 406 (2d Cir. 2009) ("By providing the district court with the option to 'remand the matter, with appropriate instructions, to [the USCIS],' 8 U.S.C. § 1447(b), Congress intended that, after an applicant files a proper Section 1447(b) petition, USCIS would lack the authority to decide an application absent a remand."); *Etape v. Chertoff*, 497 F.3d 379, 384 (4th Cir. 2007) ("[T]he plain language of the statute clearly supports the applicants' position that proper filing of a § 1447(b) petition provides a federal court with exclusive jurisdiction over a naturalization application."); *United States v. Hovsepian*, 359 F.3d 1144, 1160 (9th Cir. 2004) (en banc) ("Th[e] wording [of § 1447(b) ] shows that Congress intended to vest power to decide languishing naturalization applications in the district court *alone*, *unless* the court chooses to 'remand the matter' to the INS, with *the court's* instructions.") (emphasis in original);[2] *Mocanu v. Mueller*, No. 07-0445, 2007

---

[2] *Rahman v. Napolitano*, 385 Fed. Appx. 540, 545 (6th Cir. 2010) (declining to decide the issue).

3

(4:12CV0214)

WL 2916192 (E.D. Pa. Oct. 3, 2007) (denying defendants' motion to dismiss for lack of subject-matter jurisdiction).

Congress has conferred upon the Attorney General the sole authority to naturalize persons as citizens of the United States. 8 U.S.C. § 1421(a). A United States district court, however, has jurisdiction over naturalization applications in limited contexts. For instance, a person whose application for naturalization is denied may seek the district court's review after a hearing has been conducted before an immigration officer. 8 U.S.C. § 1421(c). Where, as is the case at bar, "[t]here is a failure to make a determination [upon the application] before the end of the 120-day period after the date on which the examination is conducted . . ., the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." 8 U.S.C. § 1447(b). Although a minority of district courts have held that the word "examination" in § 1447(b) means the entire examination process; *see Danilov v. Aguirre*, 370 F. Supp.2d 441, 444 (E.D. Va. 2005); the overwhelming consensus is that the term refers to the interview that is held between the naturalization applicant and a CIS officer. See *Farooq v. Hansen*, No. 1:07CV0946, 2007 WL 2177890 (N.D. Ohio July 27, 2007) (Wells, J.); *Elaloul v. Hansen*, No. 1:07CV0215, 2007 WL 1299274 (N.D. Ohio May 1, 2007) (O'Malley); *Affaneh v. Hansen*, No. C-3-06-267, 2007 WL 295474 (S.D. Ohio Jan. 29, 2007); *see also Hussein v. Gonzalez*, 474 F. Supp.2d 1265, 1268 (M.D. Fla. 2007); *Issa v. Mueller*, 486 F. Supp.2d 668, 671-72 (E.D. Mich. 2007); *Asgari v. Gonzales*, No. 07-11727, 2007 WL 1834710 (S.D. Mich. June 22, 2007); *Al-Farisi v. Mueller*,

(4:12CV0214)

492 F. Supp.2d 335, 337 (S.D. N.Y. 2007); *Essa v. USCIS*, No. CIV051449 (DSD/JJG), 2005 WL 3440827 (D. Minn. Dec. 14, 2005); *Castracani v. Chertoff*, 377 F. Supp.2d 71, 74 (D. D.C. 2005); *El-Daour v. Chertoff*, 417 F. Supp.2d 679, 683 (W.D. Pa. 2005).

In considering the issues presented, the Court takes seriously and is guided by the admonition of the United States Supreme Court that, in general, a court "should remand a case to an agency for decision of a matter that statutes place primarily in agency hands.  This principle has obvious importance in the immigration context" *INS v. Ventura*, 537 U.S. 12, 16-17 (2002).  This is because "[t]he agency can bring its expertise to bear upon the matter; it can evaluate the evidence; it can make an initial determination; and, in doing so, it can, through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway that the law provides." *Id.* at 17.  This Court is not alone in according an appropriate measure of deference upon the agency that has the mandate, experience and expertise to make a specialized type of determination.  "[A]n order of remand comports with Congressional intent that [the USCIS] make the initial determinations regarding naturalization applications," *Farooq*, 2007 WL 2177890, at *4; and a "majority" of courts "have declined to determine the merits of the application, instead remanding the case to USCIS as a more appropriate remedy." *Elaasar v. Mueller*, 522 F. Supp.2d 932, 936 (N.D. Ohio 2007) (Zouhary, J.); *see Popnikolovski v. United States Dep't of Homeland Security*, 726 F. Supp.2d 953 (N.D. Ill. 2010) (case remanded to the USCIS with instructions even though plaintiff opposed remand because the USCIS had in fact rendered an adverse decision).  In many instances, "courts recognize their lack of expertise and the lack of information available to assess whether the plaintiff satisfied the various criteria for

(4:12CV0214)

naturalization." *Shendaj v. Dedvukaj*, 543 F. Supp.2d 724, 728 (E.D. Mich. 2008); *see Megahed v. Holder*, No. 8:11-CV-2785-T-27TBM, 2012 WL 920423, at *1 (M.D. Fla. March 19, 2012) ("USCIS is better-equipped to evaluate the information in Plaintiff's application in the first instance. . . ."); *Lucaj v. Dedvukaj*, 749 F. Supp.2d 601, 614 (E.D. Mich. 2010) (remand appropriate given statutory obligations and expertise of the USCIS); *Patel v. Hansen*, No. 1:07-CV-00792, 2008 WL 148947, at *2 (S.D. Ohio Jan. 14, 2008) ("A district court is ill-suited to deciding a naturalization petition; it does not have the resources or experience to properly evaluate the multitude of individual factors that must be considered."); *Afaneh v. Hansen*, No. 3:07-cv-293, 2008 WL 686767 (S.D.Ohio March 13, 2008) ("this Court does not have the capacity to complete the background check which Congress has mandated in these cases"); *Issa*, 486 F. Supp.2d at 674 ("such an inquiry is an inefficient use of judicial resources").

Therefore, while the Court concludes that Plaintiff's application should be determined by the USCIS, additional delays will not be countenanced. Consequently, the USCIS has no basis for delay and now must adjudicate Plaintiff's application with promptness. Based on the facts presented, the Court concludes that sixty (60) days is sufficient time for the USCIS to expeditiously complete any further outstanding investigatory steps and issue a new decision. If the agency fails to comply with this Order, Plaintiff may re-file this action, whereupon the Court will determine the appropriate course of action. *Alasadi v. USCIS*, No. 4:11CV1342, 2012 WL 5272125 (N.D. Ohio Oct. 23, 2012). (Pearson, J.).

6

(4:12CV0214)

## II.

As more than 120 days passed following Plaintiff's examination without a decision, Plaintiff had the right to file suit in federal court under § 1447(b). The filing vested this court with exclusive jurisdiction over the naturalization application. Thus, Defendants' Motion to Dismiss (ECF No. 12) is denied.

The Court grants the alternative request for remand with express instructions that Plaintiff's Application for Naturalization shall be adjudicated no later than sixty (60) days from the date of this Order.

IT IS SO ORDERED.

| | |
|---|---|
| February 12, 2012 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |